**J. W. McLERRAN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43525.**

Court of Criminal Appeals of Texas.

March 17, 1971.

Rehearing Denied May 12, 1971.

——————◆——————

Bradley C. Miles, San Angelo, for appellant.

Royal Hart, Dist. Atty., San Angelo, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is assault with intent to murder with malice; the punishment, twenty-five (25) years.

Appellant contends that the court erred in permitting the State to introduce, at the penalty stage of his trial, the official records in Cause No. 8158–B which showed that appellant had been previously convicted of murder without malice and placed on probation for such offense. Appellant contends that said conviction was not admissible because it was not a final conviction, and because these official records show that the prior conviction was void.

Evidence of a probated sentence was admissible at the punishment phase of this two-stage trial to show appellant's prior criminal record. Art. 37.07, Vernon's Ann.C.C.P. Although the alleged "sentence" in this conviction shows that it was entered before the judgment, this variance does not render the conviction void. Since a "sentence" which is probated is a nullity. Teel v. State, Tex.Cr.App., 432 S.W.2d 911, the purported sentence in Cause No. 8158–B entered in 1966 may be disregarded, and does not render the conviction void.

Having so concluded, we decline to pass upon the appellant's contention that he was prevented from testifying in his own behalf at the guilt-innocence stage for fear of being cross-examined as to the prior

murder conviction. Such prior conviction being admissible for impeachment, Art. 38.-29, V.A.C.C.P., the court did not err in granting his motion in limine with the qualification that proof of such prior conviction might not be introduced "until and unless defendant takes the witness stand."

Finding no reversible error, the judgment is affirmed.