**Tommy Ray CARNES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45046.**

Court of Criminal Appeals of Texas.

March 8, 1972.

Rehearing Denied May 3, 1972.

James P. Finstrom, Dallas, for appellant.

Henry Wade, Dist. Atty., and W. T. Westmoreland, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

This is an appeal from a revocation of probation.

Appellant was convicted for possession of marihuana in Dallas County on April 26, 1968, assessed three (3) years and placed on probation. Two of the conditions of his probation were that he "(a) Commit no offense against the laws of this or any other State or the United States . . . . (d) Report to [his] probation officer as directed; To-wit: Monthly . . ."

The State filed a motion to revoke probation on March 25, 1970, alleging that appellant violated both above stated conditions of his probation, to-wit: that "on August 21, 1969, [he] received a five (5) year [probated sentence] in Denton County for unlawful possession of marihuana" and that he had "failed to report to his probation officer since February 16, 1970."

At the revocation hearing on September 28, 1970, appellant's probation was revoked on both grounds alleged in the State's motion to revoke.

The only question presented for review in a revocation of probation case is whether the trial court abused its discretion in revoking probation. Bennett v. State, Tex. Cr.App., 476 S.W.2d 281; Barnes v. State, Tex.Cr.App., 467 S.W.2d 437; Manning v. State, Tex.Cr.App., 412 S.W.2d 656; Seymore v. Beto, 5 Cir., 383 F.2d 384.

Appellant contends the trial court abused its discretion in revoking his probation on the grounds stated in the State's motion.

In its brief, the State abandons the Denton County offense as a basis for revocation and, therefore, no need exists to discuss it. The only remaining ground for revocation is appellant's failure to report to his probation officer.

 Appellant claims that there was an agreement whereby his visits to the Denton County officer would also serve as reports to the Dallas County officer as well. Both probation officers testified and denied any agreement concerning such an arrangement. The Dallas County officer testified the terms of appellant's probation were explained to him, that he was required to report to him every month and that appellant had not done so for three months preceding the motion to revoke. Appellant did not testify nor offer any other reason for his failure to comply with that condition of his probation. There is some indication in the record that appellant spent time in jail between the time he was granted probation in Dallas County and the time the motion to revoke was filed, but none that he was incarcerated during the three months in question. The record reflects that appellant did not report to his probation officer as directed. Cf. Campbell v. State, Tex.Cr.App., 420 S.W.2d 715; Cotton v. State, Tex.Cr. App., 472 S.W.2d 526. No abuse of discretion is shown in the trial court's revocation of probation on this ground.

Appellant's last two contentions involve alleged errors in his original trial. It has long been the rule in this State that appellant may not generally raise alleged errors at the original trial on an appeal from his revocation of probation. Hungerford v. State, Tex.Cr.App., 474 S.W.2d 242; Campbell v. State, supra, and the cases cited therein.

The judgment is affirmed.