OPINION OF THE COURT
Raymond E. Aldrich, Jr., J.
Defendant moves to vacate and set aside his sentence imposed on December 21, 1976 for several crimes of criminal possession of a controlled substance on the grounds that the sentence was unauthorized, that the sentence was illegally *658 imposed as a matter of law, and that the sentence was otherwise invalid as a matter of law. In support of his motion defendant alleges that the predicate felony upon which his second felony offender statement was based was vacated by order of a Texas court on August 1, 1977 and that by reason thereof, such predicate felony has been expunged as a matter of law, thereby vitiating his status as a second felony offender.
As defendant’s predicate felony was expunged subsequent to his sentencing, the court is now asked to consider defendant’s sentence de novo, defendant relying upon those authorities which preclude the use of a predicate felony when it has been vacated subsequent to his sentencing as a second or persistent felony offender (e.g., People v Lawes, 255 NY 112; People v Drake, 30 AD2d 616; People v Turner, 29 AD2d 829). He further asserts that the second felony offender statement was invalid on its face as it failed to set forth the underlying facts giving rise to the predicate felony offense, alleging that such particulars must be pleaded to permit a court to ascertain whether, under the laws of this State, the offense of the sister State meets the threshold requirements of a predicate felony offense.
The People oppose the relief sought by defendant, alleging in substance that under Texas law, while the record of conviction may have been expunged under the amelioratory provisions of that State’s law, such conviction survives to the extent it may still be considered in subsequent criminal proceedings for the purposes of sentences.
The People contend that the applicable provisions of the Texas Criminal Code (Texas Code Crim Pro, art 42.12) evinces a legislative intent to afford a defendant relief from all disabilities ensuing from a conviction other than its consideration by a subsequent sentencing court. Defendant opposes such contention, however, by noting that under Texas criminal procedure, the consideration by such subsequent sentencing court in Texas of the prior conviction would be discretionary, whereas under the provisions of sections 70.06 and 70.10 of the Penal Law, consideration of a prior offense is mandatory.
The contentions of the People are well taken. An examination of the legislative scheme in Texas evinces a policy that expungement of a conviction as accorded to defendant is not final for all purposes, as the courts of that State are permitted to consider such conviction as a factor in sentencing for subsequent criminal convictions (Texas Code Crim Pro, art *659 42.12). Therefore, the setting aside of this defendant’s sentence cannot be analogized to those considered in People v Carpenteur (21 NY2d 571) and other similar authorities, for in those instances, the vacating of the prior conviction was final for all purposes. The Texas legislative scheme does not result in a finding that the conviction was invalid; instead, as suggested by the People, it provides limited legislative grace in a manner analogous to article 23 of the Correction Law. As the Texas statutes permit subsequent consideration of the conviction, the prior conviction of defendant has not been set aside for all purposes, and the validity of the conviction has not been impeached.
Under the rules of full faith and credit, a court of this State must accord to a judgment of a sister State the same weight that such judgment would be accorded in that State. (People v Carpenteur, supra.) Applying the same rule, it cannot be held that a court of this State is prohibited from considering a conviction that a Texas court may consider under the provisions of section 7 of article 42.12 of the Texas Code of Criminal Procedure (United States v Pricepaul, 540 F2d 417; United States v Liles, 432 F2d 18).
The position advanced by the People is articulated in United States v Potts (528 F2d 883), where the court observed that a statute analogous to the one under consideration did not negate the validity of the original determination of guilt further observing that the same would not be true if its expungement had resulted from a reversal (cf. United States v Liles, supra, p 20). Another court, in reviewing Potts observed that the statute did not provide for an absolute erasure of the conviction (United States v Moore, 556 F2d 479, 484). Finally, in passing upon a California statute comparable to the Texas one under consideration, said statute permitting subsequent consideration of a conviction otherwise expunged, an appellate court upheld the use of an otherwise expunged conviction under a recidivist statute (Barbosa v Wilson, 385 F2d 319).
The fact that subsequent consideration of the expunged conviction is discretionary in Texas does not, as urged by defendant, preclude its being considered in New York for sentencing purposes, as the crucial factor is that the conviction survives to be accorded whatever treatment applicable under the controlling recidivist statute of the sentencing court subject in New York to the conditions as set forth in section 70.06 (subd 1, par [b]) of the Penal Law. The full faith and *660 credit clause of the United States Constitution only requires that courts of this State treat a final judgment of a sister State with equal force.
Further grounds raised by defendant are without merit. The challenge to the sufficiency of the allegations of the second felony offender statement are challenges to matters appearing on the record, and as such, are reviewable only upon appeal (People v Codarre, 10 NY2d 361; People v Jordan, 20 AD2d 583; People v Allen, 18 AD2d 840). Further, it may well be held that defendant has waived such objections by failing to timely raise them at the time the second felony offender statement was presented.
The other ground raised that the court stenographer has not diligently filed the record on appeal is one not reviewable by this court. Relief must be sought from the appellate court as the delay is not grounds for vacating the judgment upon the papers submitted (People v Eldridge, 34 AD2d 693).
The relief of release from incarceration pending appeal is denied. Defendant’s flight from this State while awaiting sentencing precludes granting such relief.
For the foregoing reasons, defendant’s motion is denied in all respects.