■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALDEN WILLIS, Appellant. — Appeal by defendant from a judgment of the County Court, Dutchess County, rendered December 21, 1976, convicting him of criminal possession of a controlled substance in the fifth and sixth degrees, upon a jury verdict, and imposing sentence as a second felony offender. The defendant further purports to appeal from an order of the same court, dated December 23, 1977, which denied his motion pursuant to CPL 440.20 to set aside his sentence. We deem the defendant's brief to include a motion to reargue a previous order of this court, dated May 9, 1978, which denied his application for leave to appeal from the order of December 23, 1977. Judgment affirmed. No opinion. Motion for reargument granted and, upon reargument, order dated May 9, 1978 vacated and leave to appeal from the order of December 23, 1977, is granted by Presiding Justice Mollen. Order reversed, on the law, motion granted, defendant's sentence vacated, and case remitted to the County Court for resentencing consistent herewith. Upon his conviction for criminal possession of a controlled substance in the fifth and sixth degrees, the defendant was adjudged a second felony offender and was sentenced accordingly. His second felony offender status was predicated upon a criminal prosecution in Texas. In that case, the defendant pleaded guilty to a charge of possession of marihuana. Instead of imposing a term of imprisonment, however, the court suspended sentence and placed the defendant on probation pursuant to section 3 of article 42.12 of the Texas Code of Criminal Procedure. That statute provides: "The judges of the courts of the State of Texas having original jurisdiction of

criminal actions, when it shall appear to the satisfaction of the court that the ends of justice and the best interests of the public as well as the defendant will be subserved thereby, shall have the power, after conviction or a plea of guilty for any crime or offense, where the maximum punishment assessed against the defendant does not exceed ten years imprisonment, to suspend the imposition of the sentence and may place the defendant on probation or impose a fine applicable to the offense committed and also place the defendant on probation as hereinafter provided. In all cases where the punishment is assessed by the Court it may fix the period of probation without regard to the term of punishment assessed, but in no event may the period of probation be greater than 10 years or less than the minimum prescribed for the offense for which the defendant was convicted. Any such person placed on probation, whether in a trial by jury or before the court, shall be under the supervision of such court." Subsequent to the imposition of sentence in the case at bar, the defendant successfully applied to the Texas courts for relief pursuant to section 7 of article 42.12 of the Texas Code, which provides: "At any time, after the defendant has satisfactorily completed one-third of the original probationary period or two years of probation, whichever is the lesser, the period of probation may be reduced or terminated by the court. Upon the satisfactory fulfillment of the conditions of probation, and the expiration of the period of probation, the court, by order duly entered, shall amend or modify the original sentence imposed, if necessary, to conform to the probation period and shall discharge the defendant. *In case the defendant has been convicted or has entered a plea of guilty or a plea of nolo contendere, and the court has discharged the defendant hereunder, such court may set aside the verdict or permit the defendant to withdraw his plea, and shall dismiss the accusation, complaint, information or indictment against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted or to which he has pleaded guilty, except that proof of his said conviction or plea of guilty shall be made known to the court should the defendant again be convicted of any criminal offense."* (Emphasis supplied.) As a result, the defendant's guilty plea in the Texas case was withdrawn and the indictment against him was dismissed. He then moved, pursuant to CPL 440.20, to vacate his sentence in the case at bar and to be resentenced as a first felony offender. The County Court denied his application (see *People v Willis,* 93 Misc 2d 657). We reverse. The defendant here did not merely receive a suspended sentence. (Cf. Penal Law, § 70.06, subd 1, par [b], cl [iii].) His guilty plea was withdrawn and the indictment against him was dismissed. By operation of Texas law, he was thereby released "from all penalties and disabilities resulting from the * * * crime * * * to which he * * * pleaded guilty." Although the Texas statute permits the fact of the guilty plea to be made known to the court in the event the defendant is again convicted of a criminal offense, Texas courts have held that the statute bars the use of the plea for purposes of mandatory enhancement of punishment upon a subsequent conviction. (See *Matter of Murchison,* 560 SW2d 654 [Tex].) In view of the interpretation given by the State of Texas to its own statute, we hold that, upon the withdrawal of the defendant's guilty plea and the dismissal of the indictment against him, he reverted to the status of a first felony offender. (See *People v Bell,* 82 Misc 2d 1021; cf. *People v Slepinski,* 54 AD2d 202.) Accordingly, his sentence must be vacated and the case remitted for appropriate resentence. (Cf. *People v Turner,* 29 AD2d 829.) Mollen, P. J., Hopkins, Titone and Weinstein, JJ., concur. [93 Misc 2d 657.]