THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
SALVATORE DIPPOLITO, Appellant.

Second Department, July 26, 1982

APPEARANCES OF COUNSEL

*Washor & Washor* (*Michael Washor* and *Barry Washor* of
counsel), for appellant.

*Thomas R. Sullivan, District Attorney* (*George E. McVay*
and *Anthony L. Galante* of counsel), for respondent.

### OPINION OF THE COURT

NIEHOFF, J.

The issue on these appeals is whether the sentencing
court properly used the defendant's 1972 California bur-
glary conviction as a predicate offense for second felony
offender treatment in light of the fact that at the time of
his sentencing in this State said burglary conviction was
denominated a misdemeanor under California law. We
hold that it did.

By two separate indictments defendant was charged
with the crimes of robbery in the first degree, robbery in
the second degree, grand larceny in the third degree,
criminal possession of a weapon in the second degree and

criminal use of a firearm in the first degree. Ultimately he pleaded guilty to two counts of robbery in the first degree in full satisfaction of both indictments.

Before accepting the defendant's guilty pleas Criminal Term explained to the defendant that there was a question as to whether his 1972 California burglary conviction would be considered a predicate felony offense for sentencing purposes and the court indicated to the defendant its intention of imposing concurrent 4- to 12-year terms if he was a first felony offender and concurrent 6- to 12-year terms, the minimum permissible sentences, if he was found to be a second felony offender.

On October 26, 1981, following a hearing, the defendant was found to be a second felony offender. Accordingly, he was sentenced, pursuant to section 70.06 of the Penal Law, to concurrent 6- to 12-year terms of imprisonment.

On these appeals, defendant contends that he was erroneously sentenced as a second felony offender because the 1972 conviction was classified as a misdemeanor under California law. The defendant also claims that to treat the California conviction as a felony for second felony treatment purposes would be to impose upon him an additional penalty under a statute not in existence when the predicate offense was committed and would materially alter the term of imprisonment to be imposed upon him. In short, defendant argues that to sentence him as a second felony offender would be to violate the constitutional ban against ex post facto legislation. We find no merit in either contention advanced by defendant.

In 1972 the defendant was accused of violating section 459 of the California Penal Code, burglary in the second degree, in that he did "wilfully, unlawfully and feloniously enter a residence, in the possession of and under the control of Helen Penniman located at 1419 Emerald Bay, Laguna Beach, with intent to commit theft". On March 2, 1972 the defendant executed a written plea of guilty to the *felony* charge of burglary in the second degree with a promise of a suspended three-year sentence, formal probation and six months' actual jail time. The writing which was countersigned by his California attorney, stated that

the defendant was aware that the charge carried a possible 1- to 14-year term of imprisonment in a California penitentiary and that he admitted the factual basis of the crime as charged.

In 1972, burglary in the second degree was punishable in California by "imprisonment in the county jail not exceeding one year or in the state prison for not less than one year or more than 15 years" (Cal Penal Code, § 461, subd 2). Under California law, burglary in the second degree is a felony and remains a felony until "a judgment imposing a punishment other than imprisonment in the state prison" is imposed at which time the crime is a misdemeanor (Cal Penal Code, § 17, subd [b], par [1]). Moreover, a number of California cases have held that upon sentence to a county jail a defendant's conviction for a violation of section 459 of the Penal Code is deemed a misdemeanor conviction for all purposes thereafter (*People v Hamilton,* 33 Cal 2d 45; *People v Johnson,* 236 Cal App 2d 62; *People v James,* 40 Cal App 2d 740; *People v Williams,* 27 Cal 2d 220). In other words, burglary in the second degree in California is an alternate felony-misdemeanor, dependent upon the sentence actually imposed by the court, which in the defendant's case was a misdemeanor sentence. Because he received a misdemeanor sentence the defendant contends that the State of New York is foreclosed from considering the California "misdemeanor" conviction as a predicate felony offense in imposing sentence upon him for his current criminal escapades.

Although that argument possesses surface appeal, it will not withstand close analysis. Its principal weakness is that it ignores the unambiguous language of section 70.06 of the New York Penal Law and the clear purpose behind said section of providing for increased punishment of those who commit more than one serious penal offense.

Section 70.06 deals with increased punishment for those defendants who have been "subjected to one or more predicate felony convictions" (Penal Law, § 70.06, subd 1, par [a]). In order for a prior conviction outside of New York State to qualify as a predicate felony conviction under section 70.06 (subd 1, par [b], cl [i]) of the Penal Law the conviction "must have been * * * in any other jurisdiction

of an offense for which a sentence to a term of imprisonment in excess of one year * * * was authorized and is authorized in this state irrespective of whether such sentence was imposed". Thus, in enacting section 70.06 of the Penal Law our Legislature exercised its considered judgment to provide that the seriousness of a crime should be determined *by the severity of the sentence which was authorized in this State for the crime* and not by the sentence actually imposed in the foreign jurisdiction.

In 1972 the California burglary complaint charged the defendant with willfully, unlawfully and feloniously entering a residence with intent to commit theft. The documentary evidence in the record further establishes that in 1972 in the State of California defendant was convicted, on his written plea of guilty, of burglary in the second degree, a crime for which a sentence in excess of one year was authorized in California. (Cal Penal Code, §§ 459, 461.) In fact, the defendant and his California attorney both acknowledged in writing that the offense in question carried a possible penalty of 1 to 14 years' imprisonment in California.

However, that may be, what is controlling is not the fact that California authorized a felony sentence for defendant's offense but the fact that New York law carried or authorized a felony sentence for his offense.

In New York, the act with which defendant was charged in California, and to which he pleaded guilty, would fall within the purview of section 140.20 of the Penal Law and would have amounted to burglary in the third degree inasmuch as since 1965 section 140.20 has provided that a person is "guilty of burglary in the third degree when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein." The word "crime", which is defined in subdivision 6 of section 10.00 of the Penal Law, means any misdemeanor or felony. Therefore, intention to commit a theft whether it be grand or petit would suffice under New York's burglary statute. Because burglary in the third degree is a class D felony, a sentence in excess of one year is authorized in this State. Consequently, the People adduced proof sufficient to establish that the defendant had a predicate felony conviction as

defined by section 70.06 of the Penal Law, and the fact that his prior offense in an out-of-State jurisdiction was characterized as a misdemeanor there is of no moment.

In arguing that New York is bound to treat his California misdemeanor conviction as a misdemeanor in this State the defendant points to the full faith and credit clause of the United States Constitution. Quite apart from the fact that he cites no cases to support his assertion that said clause is applicable, in our judgment it does not apply.

Although it is true, as a general principle, that local policy may not override the constitutional requirement of full faith and credit, the nature of the Federal union of States to which are reserved some of the attributes of sovereignty, precludes resort to the full faith and credit clause of the Federal Constitution to compel one State to subordinate its own laws and policies concerning its domestic affairs to the laws and policies of other States (see 20 NY Jur 2d, Constitutional Law, § 433). The law of the State of New York is clear and firm — one who commits a felony in this State is to be sentenced as a second felony offender if he has committed a prior out-of-State offense and the punishment authorized in this State for that offense was a term of imprisonment in excess of one year. This State has the sovereign power to adopt that policy in the conduct of its domestic affairs and the full faith and credit clause does not deprive it of such power or require it to subvert that policy in the case at bar.

Defendant's remaining contention, that section 70.06 of the Penal Law is unconstitutional as applied to him in that it violates the ban against ex post facto laws is, likewise, without merit. This argument has recently been rejected by this court in *People v Mangiapane* (87 AD2d 851). Contrary to the defendant's claim, use of the California conviction as a predicate offense does not enlarge that conviction nor retroactively increase the penalty for that prior offense (*People v Mangiapane, supra; People v Pray,* 50 AD2d 987).

Accordingly, the judgments must be affirmed.

MOLLEN, P. J., GULOTTA and BROWN, JJ., concur.

Two judgments of the Supreme Court, Richmond County, both rendered October 26, 1981, affirmed.