**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jeffery Paul GRAY, Defendant-Appellant.**

**No. 82–1246
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Nov. 12, 1982.

Danny D. Burns, Fort Worth, Tex., for defendant-appellant.

Gerhard Kleinschmidt, Asst. U.S. Atty., Fort Worth, Tex., for plaintiff-appellee.

Appeal from the United States District Court for the Northern District of Texas.

Before GEE, RANDALL and TATE, Circuit Judges.

GEE, Circuit Judge:

Our opinion in this criminal appeal comprises two parts. The issues treated in Part II are of no precedential value and are matters of concern to the parties only. Hence, Part II will not be published.

## I.

Appellant Gray was convicted of burglary, a felony, by a Texas court in 1972 and received a probated sentence. Upon his successful completion of probation, the judgment of conviction was, in accordance with Texas law, set aside and the prosecution dismissed. His present appeal is from a recent conviction on two counts: (1) possession of an automatic firearm and (2) possession of a firearm by a convicted felon. In the unpublished portion of our opinion we reject his appeal from the conviction on Count 1. In this portion, we consider his claim that because his former conviction of burglary was set aside pursuant to state law he was not a convicted felon subject to prosecution on Count 2.

Section 7 of article 42.12, Tex.Code Crim. Proc. (Vernon), provides in part that after a defendant has successfully completed his period of probation, the court

> shall dismiss the accusation, complaint, information, or indictment against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted or to which he has pleaded guilty, except that proof of his said conviction or plea of guilty shall be made known to the court should the defendant again be convicted of any criminal offense.

See *Payton v. State,* 572 S.W.2d 677, 678–79 (Tex.Cr.App.1978).

Section 1203 of Title 18 App., U.S.C., provides exemptions from § 1202 for prison "gun trusties" and for "any person who has been *pardoned* by the President of the United States or the chief executive of a State and *has expressly been authorized* by the President or such chief executive, as the case may be, *to receive, possess, or transport in commerce a firearm* " (emphasis added). We have held that, to provide exemption from § 1202, any state pardon granted after 1968 (the year the Gun Control Act became law) must expressly restore the right to bear arms. *United States v. Matassini,* 565 F.2d 1297, 1307–08 (5th Cir. 1978). *See also Diaz v. Chasen,* 642 F.2d 764 (5th Cir. 1981) (automatic pardon granted upon completion of sentence for first Louisiana felony conviction does not deprive Commissioner of Customs of the authority to revoke a customhouse cartman's license).

Two circuits have held that automatic expungement statutes similar to, and in some cases more restrictive than, Texas's art. 42.12, do not exempt one convicted of a felony from liability under § 1202. *See United States v. Bergeman,* 592 F.2d 533, 535–37 (9th Cir. 1979) (Idaho statute similar to § 42.12); *United States v. Herrell,* 588 F.2d 711, 713 (9th Cir. 1978), *cert. denied,* 440 U.S. 964, 99 S.Ct. 1511, 59 L.Ed.2d 778 (1979) (Arizona statute provides that the expunged conviction can be proved in any subsequent prosecution); *United States v. Potts,* 528 F.2d 883, 885 (9th Cir. 1975) (Washington statute similar to Arizona's); *United States v. Kelly,* 519 F.2d 794, 796 (8th Cir.), *cert. denied,* 423 U.S. 926, 96 S.Ct. 272, 46 L.Ed.2d 254 (1975) (Minnesota statute similar to Arizona's); *but cf. New Banner Institute, Inc. v. Dickerson,* 649 F.2d 216, 219–21 (4th Cir. 1981), *cert. granted,* 455 U.S. 1015, 102 S.Ct. 1708, 72 L.Ed.2d 132 (1982) (Iowa conviction of corporate licensee's board chairman which had been unconditionally and absolutely expunged did not disqualify corporation from being a licensed firearms dealer under 18 U.S.C. § 923(c)).

However, this court and two other circuits have held that when a conviction has been vacated pursuant to the Youth Corrections Act, the defendant is not a "felon" for purposes of § 1202. *United States v. Arrington,* 618 F.2d 1119, 1122–24 (5th Cir. 1980); *United States v. Purgason,* 565 F.2d 1279, 1280–81 (4th Cir. 1977); *United States v. Fryer,* 545 F.2d 11, 13–14 (6th Cir. 1976).

The Supreme Court recently held that an extant prior state felon conviction which may be subject to collateral attack under *Gideon v. Wainwright* can be used as a predicate for a subsequent conviction for possession of a firearm in violation of § 1202(a)(1). *Lewis v. United States,* 445 U.S. 55, 65, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980). The Court stated that the disability can be removed only "by a qualifying pardon or the Secretary's consent," pursuant to § 1203, or by challenging the prior conviction in the state courts. 445 U.S. at 64, 100 S.Ct. at 920. The Court observed:

> An examination of § 1202(a)(1) reveals that its proscription is directed unambiguously at any person who "*has been convicted* by a court of the United States or of a State . . . *of a felony.*" No modifier is present, and nothing suggests any restriction on the scope of the term "convicted." . . . The statutory language is sweeping, and its plain meaning is that the fact of a felony conviction imposes a firearm disability until the conviction is vacated or the felon is relieved of his disability by some affirmative action, such as a qualifying pardon or a consent from the Secretary of the Treasury.

445 U.S. at 60–61, 100 S.Ct. at 918 (emphasis added). The Court stated further: "What little legislative history there is that is relevant reflects an intent to impose a firearms disability on any felon based on *the fact of conviction.*" 445 U.S. at 62, 100 S.Ct. at 919 (emphasis added).

Although Gray's Texas burglary conviction was vacated by operation of state law upon his successful completion of probation, this circumstance does not place him within any exemption provided by § 1203. Nor is it a judgment of the state court that the conviction was constitutionally invalid *ab initio,* as discussed in *Lewis, supra.* Nor does Article 42.12 expressly provide that a successful probationer's right to bear arms is restored. *See Matassini, supra.* Sections 1202 and 1203 constitute federal screening provisions, keyed to the *fact* of felony conviction, designed to remove from the gun-possessing segment of our citizenry those validly so convicted. As such, they stand independent of state law, except to the extent that they recognize it. They apply to Gray, and his conviction on Count 2 must be

AFFIRMED.