**Wilbert Lee BALLARD,
Plaintiff-Appellant,**

v.

**BOARD OF TRUSTEES OF POLICE PENSION FUND OF the CITY OF EVANSVILLE, Indiana, Defendant-Appellee.**

**No. 1–383A87.**

Court of Appeals of Indiana,
First District.

Aug. 23, 1983.

Rehearing Denied Sept. 22, 1983.

John D. Clouse, Michael C. Keating, Laurie A. Baiden, Evansville, for plaintiff-appellant.

Kevin Winterheimer, City of Evansville Law Dept., Evansville, for defendant-appellee.

NEAL, Judge.

### STATEMENT OF THE CASE

Plaintiff-appellant Wilbert Lee Ballard (Ballard) appeals from an order of the Vanderburgh Superior Court denying his motion for summary judgment and granting defendant-appellee's Board of Trustees of

Police Pension Fund of the City of Evansville, Indiana (Board) motion for summary judgment in an action by Ballard to restore his pension benefits which previously had been discontinued as a result of Ballard's conviction of a felony, second degree murder, in Tuscon, Arizona.

We affirm.

## STATEMENT OF THE FACTS

Prior to his retirement, Ballard was a member of the police department of the City of Evansville, Indiana. In November, 1967, Ballard was retired from the police department and placed on a disability pension. On August 14, 1970, Ballard was convicted of second degree murder, a felony, in the Superior Court of Pima County, Tuscon, Arizona. Subsequently, on August 16, 1970, the Board discontinued payment of Ballard's pension pursuant to Ind.Code 19–1–24–5 [1] (now Ind.Code 36–8–6–17) which provides that a board may discontinue pension payments if a person is convicted of a crime that constitutes a felony.

After serving his sentence for second degree murder, Ballard petitioned the Superior Court of Pima County, Tucson, Arizona, to set aside his conviction, dismiss the indictment or information against him, and restore his civil rights under Arizona law pursuant to Arizona statute. On July 9, 1980, the Arizona court, pursuant to Ariz. Rev.Stat.Anno. § 13–1741 *et seq.*,[2] entered an order setting aside Ballard's conviction, and restoring his civil rights.

Thereafter, Ballard petitioned the Board to restore his pension benefits. Following a hearing where findings were made, the Board on May 27, 1981, voted unanimously not to reinstate Ballard's police pension, which decision was upheld by the Vanderburgh Superior Court by its entry of summary judgment in favor of the Board.

## ISSUE

The question on appeal is whether Ballard is entitled to restoration of his pension benefits as a result of the Arizona court order setting aside his conviction and restoring his "civil rights" upon discharge from his sentence.

## DISCUSSION AND DECISION

We first would note that this is an appeal from a summary judgment. On reviewing a summary judgment, the Court of Appeals must determine whether there is any genuine issue of material fact, and whether the

---

1. The police pension fund statute, Ind.Code 19–1–18–1 through 19–1–18–26, was transferred and recodified under Ind.Code 36–8–6–1 through Ind.Code 36–8–6–19 as added by Acts 1981, P.L. 309, Sec. 55. The specific section allowing the local board of a fund to discontinue pension benefits if a person is convicted of a felony is now found under Ind.Code 36–8–6–17, providing as follows:

   "If a person who has received a benefit from the 1925 fund is convicted of a felony, is a habitual drunkard, fails to report for duty or for examination, or otherwise fails to comply with legal requirements imposed by the local board, the local board may, after notice to the person, discontinue or reduce future payments."

   The previous statute, Ind.Code 19–1–24–5 (1976 ed.), upon which the Board based its decision to discontinue Ballard's pension, provided:

   "Whenever any person who shall have received any benefit from such fund shall be convicted of a felony or shall become an habitual drunkard or shall fail to report himself for duty or for examination, or otherwise shall fail to comply with any legal requirements imposed by the board of trustees of the police pension fund, said board may upon notice to any such person discontinue or reduce in its discretion any payments that might otherwise accrue thereafter: Provided, however, That nothing contained in this act shall be construed to entitle said board to recall into service any member who has previously been retired from active service on account of having served twenty (20) years or more; nor shall anything in this act be construed to entitle a retired member to a pension after he shall have been convicted of a felony, or shall have become an habitual drunkard."

2. § 13–1741, defining "civil rights" in the context of the restoration of civil rights, was repealed by Laws 1977, Ch. 142, § 37, effective October 1, 1978. However, §§ 13–1742 to 13–1745 were transferred and renumbered as §§ 13–905 to 13–908, and involve restoration of civil rights; applications by persons discharged from prison; and setting aside judgment of a convicted person upon discharge.

moving party is entitled to a judgment as a matter of law. *State v. Coffman,* (1983) Ind.App., 446 N.E.2d 611.

Ballard argues that he is entitled to a judgment reinstating his pension benefits as a matter of law since the Arizona conviction was set aside, the indictment or information dismissed, and his civil rights were restored. Thus, Ballard contends, the conviction no longer exists and there is no basis for the denial of his pension benefits. Finally, Ballard argues that the Arizona court's order is made binding on the Board, the trial court, and this court by the Full Faith and Credit clause in U.S. Const. art. 4, § 1, which provides:

"Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state. And the congress may by general laws prescribe the manner in which such acts, records and proceedings shall be proved, and the effect thereof."

In response, the Board presents several arguments, one of which we find most compelling: that the issues decided by the Arizona court have no bearing on whether Ballard is entitled to receive pension benefits under Indiana law since the facts show that Ballard's conviction of a felony is not infirm. Furthermore, the Board argues that "[t]he public policy of the State of Indiana in the area of denying police pensions to convicted felons was clearly espoused in *Ballard v. Board of Trustees of the Police Pension Fund of the City of Evansville,* (1975) 263 Ind. 79, 324 N.E.2d 813. . . ."

■ We must first observe that the Arizona court, in restoring Ballard's civil rights and setting aside the conviction, did not find his underlying felony conviction infirm in any way. There are no documents or testimony in the record to suggest that Ballard's conviction was not correct. Ariz.

Rev.Stat.Anno. § 13–907 (formerly § 13–1744) permits a person convicted of a criminal offense, upon fulfillment of the conditions of probation or sentence and discharge by the court, to apply to the judge who pronounced sentence to have the judgment of guilt set aside. In relevant part, § 13–907 [3] provides:

"... except that the conviction may be pleaded and proved in any subsequent prosecution of such person by the state or any of its subdivisions for any offense or used by the department of transportation in enforcing the provisions of § 28–445 or 28–446 as if the judgment of guilt had not been set aside."

The above Arizona statute clearly shows that the Arizona court order setting aside Ballard's conviction does not have the effect of completely erasing Ballard's conviction of a felony, to wit second degree murder. In fact, in an Arizona case, *U.S. v. Herrell,* (9th Cir.1978) 588 F.2d 711, *cert. denied* 440 U.S. 964, 99 S.Ct. 1511, 59 L.Ed.2d 778, the court found that the conviction for possession of a weapon by a convicted felon could be based upon a prior grand theft conviction, even though such conviction had been expunged and defendant's civil rights restored, in view of § 13–1744 [13–907 presently], providing that after a conviction is expunged it could be pleaded and proved in any subsequent prosecution of such person for any offense as if the judgment of guilt had not been set aside.

Thus, it remains the case that Ballard was convicted of a felony, and the Arizona court's subsequent order setting aside the conviction was merely a statutory procedural mechanism for restoring Ballard's civil rights under Arizona law.

■ In *Ballard, supra,* Wilbert Lee Ballard, the appellant in the case at bar, originally brought an action for restoration

---

**3.** § 13–907, the recodified section on setting aside the judgment of a convicted person upon discharge, was amended by Laws 1982, Ch. 58, § 1, and in relevant part, provides:

"... except that the conviction may be used as a conviction if such conviction would be admissible had it not been set aside and may

be pleaded and proved in any subsequent prosecution of such person by the state or any of its subdivisions for any offense or used by the department of transportation in enforcing the provisions of § 28–445 or 28–446 as if the judgment of guilt had not been set aside."

of his police pension which had been terminated by the Board of Trustees of the Police Pension Fund following Ballard's conviction in Arizona of a felony. The trial court ruled in favor of the Board; Ballard appealed, and the Court of Appeals reversed, finding that the statutory provisions authorizing the termination of a pensioner's benefits upon conviction of a felony were unconstitutional. The Indiana Supreme Court granted transfer and reversed the Court of Appeals, ruling that the provision of the Police Pension Fund Act which permitted the Board to discontinue pension payments to a person convicted of a felony did not violate Art. 1, § 30 of the Indiana Constitution which read: [n]o conviction shall work corruption of blood, or forfeiture of estate." In its discussion of the police pension statute, the Supreme Court stated:

"Reasonable legislative policy here provided for a method of deterring criminal acts on the part of those who might be recalled into police service. Furthermore, the legislature could have thought that payment of a pension to a felon would undermine the morale of both the general public and the active police forces of the state. It seems to us that the policeman, a public employee, took the employment subject to the conditions which the legislature saw fit to impose for reasons of public policy. Statutes are clothed with a presumption of constitutionality. *Martin v. Ben Davis Conservancy Dist.,* (1958) 238 Ind. 502, 153 N.E.2d 125; *Conter v. Commercial Bank of Crown Point,* (1936) 209 Ind. 510, 199 N.E. 567; *Carr v. State,* (1911) 175 Ind. 241, 93 N.E. 1071. It does not behoove the judiciary to tell the legislature its policies are wrong."

263 Ind. at 84, 324 N.E.2d 813.

It is clear from the Supreme Court's holding in *Ballard* that the trial court, in the case at bar, was not bound to apply Arizona law in the manner suggested by Ballard since to do so would violate the public policy of the State of Indiana. It is the declared public policy of Indiana that police pensioners who are convicted of a felony may have their pension benefits terminated pursuant to Ind.Code 36–8–6–17. The Full Faith and Credit clause does not require a state to apply another state's law in violation of its own legitimate public policy. U.S. Const. art. 4, § 1; *Nevada v. Hall,* (1979) 440 U.S. 410, 99 S.Ct. 1182, 59 L.Ed.2d 416; and *Maroon v. State,* (1980) Ind.App., 411 N.E.2d 404.

Ballard's contention that the Arizona court order dismissing his conviction and charges had the effect of "what once was, is no more" is nonsense. Even in the final pages of his appellate brief, Ballard, himself, recognizes the true effect of his conviction on the termination of his pension benefits as follows:

"Assuming, as we must, that the plaintiff committed those acts which led to his conviction, if a conviction had not been the result, then the defendant could not have terminated his benefits, regardless of how those acts reflected on his character. That being the case, as the conviction has been set aside and no longer exists, there is no basis for the denial of plaintiff's pension benefits. The conviction alone, and not the underlying acts, having caused the termination of his pension, the removal of the conviction removes any barriers to its restoration."

As the Board asserts in its brief, "[t]he plaintiff committed second degree murder and that fact remains irregardless of the action of the Arizona court in restoring his "civil rights." The trial court did not err; the Board was entitled to a judgment as a matter of law.

Judgment affirmed.

ROBERTSON, P.J., and RATLIFF, J., concur.