■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALBERT LEE TURNER, Appellant.— Order unanimously reversed and matter remitted to Monroe County Court for a hearing. Memorandum: Appellant was sentenced in Monroe County Court in November, 1966 as a second felony offender based upon a 1957 felony conviction in Wayne County. Thereafter he presented a petition to Monroe County Court to be resentenced as a first offender. It was alleged in a verified petition that subsequent to imposition of the sentence in Monroe County he was returned to Wayne County where the court vacated the earlier judgment and petitioner was permitted to plead guilty anew to the crime of robbery, second degree. A new sentence of "time already served" was imposed. In opposition no documentary proof from Wayne County was submitted. In denying relief the court considered the 1967 proceeding in Wayne County as one for resentence that did not affect the earlier guilty plea (cf. *People ex rel. Emanuel* v. *McMann*, 7 N Y 2d 342). This, of course, would have been correct if there had been only a resentence. But the undenied allegation of the petition is that both plea and sentence were wiped out and a new plea and sentence followed. If such took place it would vitally affect the Monroe County second offender sentence based upon the earlier Wayne County conviction. There should be a hearing where documentary proof may be submitted, as to the nature and extent of relief granted in 1967 in Wayne County Court. (Appeal from order of Monroe County Court denying, without a hearing, motion for resentence on judgment of conviction rendered November 22, 1966.) Present — Williams, P. J., Bastow, Henry, Del Vecchio and Marsh, JJ.

■ BERNARD FALCONE, Respondent, v. MYRTLE M. FALCONE, Appellant. — Judgment unanimously affirmed, with costs. Memorandum: The evidence sustains the determinations made by the trial court. In addition, we find that the transfer of the Homestead Restaurant from respondent to appellant, although motivated by the desire to hinder a potential creditor, was made at the suggestion and insistence of appellant. Under such circumstances she is estopped from invoking the equitable defense of unclean hands. (*Boyd* v. *De La Montagnie*, 73 N. Y. 498.) (Appeal from judgment of Niagara Trial Term, in action to set aside deed.) Present — Williams, P. J., Bastow, Henry, and Del Vecchio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEON BUTCHER, Appellant.— Judgment unanimously affirmed. Memorandum: In affirming we desire to point out that defendant, being a multiple felony offender, was not entitled to be released on bail pending his appeal. (*People* v. *Wirtschafter*, 305 N. Y. 515; *People* v. *McCall*, 16 A D 2d 313, 315.) (Appeal from judgment of Erie Supreme Court convicting defendant of grand larceny, second degree.) Present — Williams, P. J., Bastow, Henry, Del Vecchio and Marsh, JJ.