■ Marshall Dunn, Appellant, v Anna B. D. Moss et al., Respondents.—Order unanimously reversed, without costs, and motion denied. Denman, J., not participating. Memorandum: Special Term improperly granted defendants' motion pursuant to CPLR 3211 (subd [a], pars 5, 7) to dismiss plaintiff's complaint in an action to impress a constructive trust for his undivided one-half interest in a residential property which he had transferred to the defendant Moss, plaintiff's former wife, and which is now held in the name of her sister, the defendant Zipf. The complaint alleges the essential elements of " '(1) a confidential or fiduciary relation, (2) a promise, (3) a transfer in reliance thereon and (4) unjust enrichment' " *(McGrath v Hilding,* 41 NY2d 625, 629, quoting *Sharp v Kosmalski,* 40 NY2d 119, 121). Further, it alleges that the transfer from the defendant Moss to her sister, the defendant Zipf, "was for the purpose of defrauding the plaintiff [and] that said Lois Mae Zipf at the time of said transfer was well aware of the circumstances of the acquisition and ownership of the property." The allegation in the complaint that "the purpose of putting the residence in the name of Anna B. Dunn was to protect her and the children of the parties, and to reassure them that the home would not be lost or threatened in the event that the plaintiff should again, sometime in the future, have financial difficulty" does not warrant an order dismissing the complaint on a motion addressed to its face. It does not appear that plaintiff was insolvent or that he had defrauded existing creditors or was attempting to do so (compare *Pattison v Pattison,* 301 NY 65). Although it is possible that plaintiff may ultimately fail because of the established doctrine that "he who comes into equity must come with clean hands" (20 NY Jur, Equity, § 102), his complaint should not have been dismissed. The "clean hands" maxim should be applied only after the court has heard the evidence and has considered all the equities and circumstances including whether plaintiff was attempting to defraud existing creditors (20 NY Jur, Equity, §§ 110, 113) and the nature and extent of any wrongdoing on the part of defendants (20 NY Jur, Equity, § 115). Nor was the dismissal of a prior complaint in the same action for failure to state a cause of action (CPLR 3211, subd [a], par 7) a proper basis for Special Term's order. The prior dismissal was not on the merits but for insufficiency of the pleading because, *inter alia,* it omitted the allegation

(contained in the present complaint) that the defendant Moss had agreed to "hold legal title to the home for the benefit of [plaintiff and defendant Moss] and that the plaintiff would continue to be owner of a one-half interest in their home." (Appeal from order of Chautauqua Supreme Court—dismiss complaint.) Present—Marsh, P. J., Hancock, Jr., Denman, Schnepp and Witmer, JJ.