POLICE CONFERENCE OF NEW YORK, INC., Respondent, v METRO-
POLITAN POLICE CONFERENCE OF EASTERN NEW YORK, INC.,
Appellant.

Third Department, March 8, 1979

APPEARANCES OF COUNSEL

*Hartman, Morganstern & Lerner (Reynold A. Mauro* of counsel), for appellant.

*Harvey & Harvey (Arthur J. Harvey* of counsel), for respondent.

## OPINION OF THE COURT

MAIN, J.

The plaintiff, Police Conference of New York, Inc., is a not-for-profit corporation duly incorporated on January 18, 1960 and thereby authorized to carry out its purposes throughout the State of New York. The defendant, Metropolitan Police Conference of Eastern New York, Inc., likewise a not-for-profit corporation, was incorporated during the month of November, 1968 and was authorized to carry out its activities among "those law enforcement agencies of all State, County and local municipalities in the Counties of Westchester, Nassau, Suffolk and New York City and all or any contiguous counties in New York State".

The objects and purposes of these two organizations were strikingly similar and were, briefly, to improve the status of their membership and to provide for better and more effective law enforcement proceedings. They were engaged, each with the other, in vigorous competition in their pursuit of new members.

On or about September 15, 1977, the plaintiff commenced this action seeking to permanently enjoin the defendant from using any variation of its originally adopted name, from representing itself as a State-wide organization and from representing that the plaintiff is not a State-wide organization. Plaintiff alleged that the defendant is, in fact, a regional organization, territorily restricted by its charter whereas the plaintiff can and does operate throughout the State. It alleged that the defendant has misrepresented the respective areas of operation and has intentionally and successfully done so for the purpose of misleading and confusing the public, thereby reaping the benefit of plaintiff's long-standing and excellent reputation for performance in behalf of its members. The plaintiff further alleged that the defendant has also dropped the word "Eastern" from its official name so that the parties' names are now similar and that the misrepresentations and name change were intended to deceive and mislead. By its answer the defendant denied any misrepresentation or intent to deceive or confuse or that confusion exists and further asserted that in midsummer of 1977, prior to the commencement of this action, it initiated procedures to amend its charter so as to enlarge its territory, increase its purposes and change its official name to "Metropolitan Police Conference of New York State, Inc." It further contended that the proposed changes have been approved or consented to by the requisite governmental agencies and officers as of December 6, 1977. The defendant additionally contended that the plaintiff is not entitled to the relief which it seeks because it has violated the clean hands doctrine and was guilty of laches in instituting this action.

This case was previously before us upon an application for a stay of a temporary injunction which had been granted at Special Term. This court denied the application and remitted the case for a trial on the merits which was held on December 22, 1977.

The testimony adduced at trial produced little disagreement as to the pertinent events but rather vast areas of conflict as to the significance of those events. It was clearly demonstrated that the defendant at some time during 1973 began to delete the word "Eastern" from its official name. "Eastern" failed to appear on its letterheads in many instances as time progressed. The plaintiff, though aware of the situation, registered no protest and, though rivals, the officers of both organizations

apparently worked together on some problems and projects of mutual interest. However, in the spring or early summer of 1977, the defendant circulated a legislative memorandum to members of the New York State Legislature as well as to some of its own members which, in part at least, referred to the plaintiff as a regional organization and the defendant as the true State-wide organization of police officers, thus provoking the plaintiff to action.

The trial court found, *inter alia,* that the name "Metropolitan Police Conference of New York State, Inc.", was similar to the plaintiff's name and "likely to cause confusion or deception"; that the plaintiff's name was protected; that the memorandum was designed to mislead and deceive. By reason of the court's reference to section 133 of the General Business Law, it apparently found defendant, by the use of the name, intended to mislead the public and that the public was actually confused as to the identity of the organizations. The trial court found no merit to the defense of laches and no violation of the clean hands doctrine.

■ ■ As to the trial court's rejection of these last abovementioned defenses, we are in agreement. Though the plaintiff raised no objection initially to defendant's change of name, it did move within a few months after circulation of the memorandum and it cannot be said that there was an unconscionable delay. The transgressions supposedly calling for the application of the clean hands doctrine were the plaintiff's alleged operation outside the scope of its certificate of incorporation in some areas and the opening of a letter addressed to the defendant's president by an agent of the plaintiff. The alleged unauthorized activities were unrelated to the subject matter at bar and the mail opening was not demonstrated to have been done with *scienter.*

■ However, turning to the merits, we are compelled to conclude that the judgment must be reversed. While the issue here is somewhat novel in that it involves the deletion of a word from an approved name and then qualified official approval of the shortened name, we are still concerned with the principles from the body of law that was enacted for the purpose of preventing a person or persons or corporations from aligning with or encroaching upon an established name in order to thereby benefit from the good reputation and performance of that name through the use of a similar name and resultant confusion of the public. "Whether the court will

interfere in a particular case must depend upon circumstances; the identity or similarity of the names; the identity of the business of the respective corporations; how far the name is a true description of the * * * business carried on; the extent of the confusion which may be created or apprehended" (*Higgins Co. v Higgins Soap Co.,* 144 NY 462, 469-470). Confusion of the public and damage to the plaintiff are the gist of the action (*Hotel Claridge Co. v George Rector, Inc.,* 164 App Div 185). It seems clear that in order to obtain the relief granted here there must at least be a showing that the names are similar, that confusion has occurred or is likely to occur, and that damage has been inflicted, and we find inadequate support for the trial court's findings on these issues. On the issue of similarity of names, the key word is "Metropolitan" and, concededly, the defendant has always used this distinctive word. Clearly the plaintiff has not established its right to "Police Conference" or "New York" to the exclusion of all others.

Likewise, we find no evidence of confusion or its likely occurrence. When the memorandum complained of is examined in its entirety, rather than by a piecemeal approach, while perhaps not a model of accuracy, it is neither a monument of deceit nor of confusion. To the contrary, it lists its officers and sets forth in the body of the memorandum, by geographical description, the member associations whose members make up the large percentage of defendant's membership roll. In considering the issue of confusion, "[c]ourts * * * must * * * assume that the public will use reasonable intelligence and discrimination with reference to the names of corporations with which they are dealing or intend to deal". (*Hygeia Water Ice Co. v New York Hygeia Ice Co.,* 140 NY 94, 98.) The confusion must be reasonable for "the law does not justify interference in behalf of ignorant, or careless, persons" (*Corning Glass Works v Corning Cut Glass Co.,* 197 NY 173, 180). In our view, no reasonably intelligent and discriminating person would be likely to be confused in the case at hand and there is no credible evidence in this record that anyone has been confused.

Though alleged, no damages have been demonstrated in this record nor has the likelihood of future damage been shown. Inconvenience or annoyance is not enough (*Hotel Syracuse v Motel Syracuse,* 283 App Div 182).

We do not condone or approve of the defendant's adopting a

shortened name before obtaining appropriate approval. However, that conduct alone, under the novel and peculiar circumstances shown here, shall not require either the abandonment of settled principles or common sense.

The judgment should be reversed, on the law and the facts, without costs.

KANE, J. (dissenting). In my view there is sufficient evidence in this record to sustain the determination of Special Term. The blatant use of its name by defendant without the inclusion of the word "Eastern", and prior to an application to properly amend that name, was confusing and misleading. None other than the Speaker of the Assembly was misled to the point where he addressed a personal letter to defendant's president and and forwarded same to the Police Conference of New York State, Inc., at its Albany address. Moreover, there are several examples of communications to high ranking public officials written on authorized letterhead identifying defendant as the largest *State-wide* police organization in the county. Among these officials are a United States Senator, a Governor and the President of the United States. I think the injunction was proper and the judgment should be affirmed.

GREENBLOTT, J. P., MIKOLL and HERLIHY, JJ., concur with MAIN, J.; KANE, J., dissents and votes to affirm in an opinion.

Judgment reversed, on the law and the facts, without costs.