■ LEW-MARK CLEANERS CORP., Appellant, v NICK DEMARTINI, Respondent.—In a landlord-tenant action, *inter alia,* for a declaratory judgment and damages, the plaintiff tenant appeals as limited by its brief, from so much of an order of the Supreme Court, Queens County (Lonschein, J.), dated November 19, 1986, as (1) granted the defendant's cross motion to the extent of vacating a temporary restraining order and dismissing the plaintiff's complaint, without prejudice, and (2) denied the plaintiff's motion for a preliminary injunction, without prejudice.

Ordered that the order is reversed insofar as appealed from, on the law, the defendant's cross motion is denied, and the plaintiff's motion for the preliminary injunction is granted upon condition that the plaintiff files in the office of the Clerk of the Supreme Court, Queens County, an undertaking pursuant to CPLR 6312 (b) and serves a copy of the same upon the defendant, and the matter is remitted to the Supreme Court, Queens County, for the purpose of conducting a hearing to fix the amount of the undertaking and the date on or before which said undertaking is to be served and filed, unless the parties stipulate to an appropriate amount. Pending a determination as to the amount of the undertaking, the stay contained in this court's order dated November 26, 1986, shall remain in full force and effect.

The defendant landlord DeMartini served a notice to cure on the plaintiff tenant, who then commenced the instant action and moved by order to show cause for a temporary restraining order pending a hearing on the motion, and for a preliminary injunction pending a hearing on the merits, prior to the expiration of the time to cure allowed in the notice. Special Term denied the application for the preliminary injunction and dismissed the complaint, essentially on the ground that the plaintiff could obtain all the relief he needed in the Civil Court. This was improper. The Civil Court does not have jurisdiction to grant injunctive relief *(see, Post v 120*

*E. End Ave. Corp.,* 62 NY2d 19) and as a matter of policy, courts have routinely granted "Yellowstone" *(see, First Natl. Stores v Yellowstone Shopping Center,* 21 NY2d 630) injunctions in order to avoid forfeitures of tenants' interests *(see, Post v 120 E. End Ave. Corp., supra; Times Sq. Stores Corp. v Bernice Realty Co.,* 107 AD2d 677). On the facts and circumstances of this case we do not find that plaintiff has so violated the "clean hands" doctrine *(see, National Distillers & Chem. Corp. v Seyopp Corp.,* 17 NY2d 12, 15-16) so as to warrant denying it the preliminary injunction it seeks. This equitable doctrine should generally be applied after all the relevant facts have been considered at a plenary trial *(see, Dunn v Moss,* 64 AD2d 838; *Police Conference v Metropolitan Police Conference,* 66 AD2d 441, *affd* 48 NY2d 780). Thompson, J. P., Niehoff, Weinstein and Eiber, JJ., concur.