■ LINMONT REALTY, INC., Appellant, v VITOCARL, INC., et al., Respondents.—In an action, *inter alia,* for a judgment declaring the parties' rights under a lease, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (McCabe, J.), dated March 2, 1988, as denied its motion for a preliminary injunction enjoining the defendants from, *inter alia,* terminating the lease and

as granted that branch of the defendants' cross motion which was to dismiss its complaint.

Ordered that the order is affirmed insofar as appealed from, with costs; and it is further,

Ordered that the preliminary injunction granted by this court's decision and order dated April 12, 1988 is vacated.

On November 27, 1978, the defendant Ferraro and the plaintiff's assignor entered into a lease of certain premises located at 222 East Montauk Highway, Lindenhurst, New York. The lease, which was to commence on January 1, 1979 and terminate on December 31, 1993, provided that the demised premises were to be used "only for vehicle gasoline and service station and/or any other lawful purpose related or incidental thereto including retail sale of food in [sic] merchandise".

On or about November 25, 1987, the defendants served upon the plaintiff a "Notice of Termination of Lease", alleging 17 defaults, including failure to renew environmental liability insurance, failure to keep daily records of gasoline inventory, failure to have tanks tested, failure to permit the defendants to inspect records of tank tests and inventory control, failure to clean and maintain the premises, and illegally subletting a portion of the premises for the storage and distribution of newspapers. The notice further provided that if all defaults were not cured by the plaintiff as of December 11, 1987, summary proceedings would be instituted.

On December 7, 1987, the plaintiff commenced this action for a declaratory judgment, and a *Yellowstone* injunction *(see, First Natl. Stores v Yellowstone Shopping Center,* 21 NY2d 630). Specifically, the plaintiff requested a declaration that it was not obliged to provide environmental liability insurance, that the defendants had waived various alleged defaults relating to maintenance and repair, that the defendants had no right to inspect its business records, that only the premises and not the business was required to comply with governmental regulations, that the requested repair of the building facade was void for vagueness, and that the retail sale of newspapers was a permitted use under the terms of the lease. The defendants opposed the motion, and cross-moved to dismiss the complaint.

By order dated March 2, 1988, the court denied the plaintiff's application for a *Yellowstone* injunction and dismissed the complaint.

On appeal, the plaintiff argues that the *Yellowstone* injunc-

tion should have been granted, and that the complaint was improperly dismissed. We disagree.

To procure a *Yellowstone* injunction, a commercial tenant must demonstrate, *inter alia,* that "it has the desire and ability to cure the alleged default by any means short of vacating the premises" *(Continental Towers Garage Corp. v Contowers Assocs. Ltd. Partnership,* 141 AD2d 390, 394). The plaintiff herein has made no offer to cure any of the charged defaults, alleging instead that many of the alleged defaults listed in the "Notice of Termination of Lease" were not its responsibility, that various conditions did not exist as claimed by the defendants, and that the remainder of the defaults had been waived by the defendants acceptance of rent with knowledge of their existence. In the absence of a good-faith showing of a willingness to cure, the *Yellowstone* injunction was properly denied *(Cemco Rests. v Ten Park Ave. Tenants Corp.,* 135 AD2d 461).

In addition, the court properly dismissed the complaint pursuant to CPLR 3211. Mangano, J. P., Bracken, Kunzeman and Balletta, JJ., concur.