■ RAFAEL SUAREZ et al., Appellants, v EL DARO REALTY, INC., Respondent.—In an action, inter alia, for a judgment declaring certain rights in relation to a lease between the plaintiffs and the defendant, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Delaney, J.), dated February 8, 1989, which transferred the plaintiffs' ac-

tion and motion for preliminary injunction to the Justice Court of the Village of Tarrytown for consolidation with a pending eviction proceeding and lifted a temporary restraining order.

Ordered that the order is reversed, on the law, with costs, the plaintiffs' motion for a preliminary injunction is granted, and the matter is remitted to Supreme Court, Westchester County, for further proceedings consistent herewith.

The plaintiffs (hereinafter the tenants) operate a "Deli/Sandwich Shop and Restaurant" at premises which they rent from the defendant realty company (hereinafter the landlord). Pursuant to a provision in the lease which they entered into with the landlord's predecessor in interest, the tenants were obligated to pay "any increase on Real Estate Taxes over the 1985 assessment and any increase on Liability Insurance pro rated".

In March 1988 shortly after the landlord took title to the premises, a dispute arose as to the exact amount that the tenants owed for the increased amount of the liability insurance premiums. A dispute also arose between the landlord and the tenants as to the operation of the restaurant without a certificate of occupancy.

By letter dated January 6, 1989, the landlord notified the tenants that their lease would be terminated as of January 12, 1989, by reason of their failure to close the restaurant pending the receipt of the certificate of occupancy and because of their refusal to pay their portion of the increase in the amount of the liability insurance premiums for the premises. Notwithstanding the termination letter, the landlord's president visited the subject premises on January 7, 1989, the day after the notice was mailed, and he collected the January rent from the tenants.

On January 21, 1989, the landlord commenced a summary proceeding in the Justice Court of the Village of Tarrytown to evict the tenants.

On or about January 24, 1989, the tenants commenced the instant action, *inter alia*, for a judgment declaring that the amount demanded by the landlord as the tenants' share of the increase in the premises' liability insurance premiums was improper. The tenants also moved for a preliminary injunction tolling the period for curing any purported breach of the lease and staying prosecution of the summary proceeding for eviction.

In the order appealed from the Supreme Court transferred

the instant action to the Justice Court of the Village of Tarrytown for consolidation with the eviction proceeding pending there. The court additionally ordered that a temporary restraining order which it had previously imposed be lifted.

We hold that the Supreme Court erred in transferring the instant action to the Justice Court. CPLR 3001 confers jurisdiction over declaratory judgment actions exclusively on the Supreme Court *(see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, CCA 212-a [1989 Pocket Part], at 60). It was also error for the court to transfer to the Justice Court the application for a preliminary injunction *(see,* UJCA 209; *Lew-Mark Cleaners Corp. v DeMartini,* 128 AD2d 758).

The court should have granted the tenants' motion for a preliminary injunction *(see, First Natl. Stores v Yellowstone Shopping Center,* 21 NY2d 630) to toll the period for curing the purported breach of the lease. A leaseholder seeking *Yellowstone* relief must demonstrate that it holds a commercial lease, that it has received from the landlord a notice of default, a notice to cure or a threat of termination of the lease and that it has the desire and ability to cure the alleged default by any means short of vacating the premises *(see, Heavy Cream v Kurtz,* 146 AD2d 672; *Continental Towers Garage Corp. v Contowers Assocs. Ltd. Partnership,* 141 AD2d 390). A review of the record indicates that each of the threshold conditions for the issuance of a *Yellowstone* injunction was satisfied in this case. Contrary to the landlord's contentions, the lease was still in existence on January 24, 1989, when the tenants sought injunctive relief. The defendant's acceptance of the full amount of the January rent on January 7, 1989, continued the landlord-tenant relationship and the lease in effect until at least January 31, 1989 *(see, Atkin's Waste Materials v May,* 34 NY2d 422; *TSS-Seedman's Inc. v Elota Realty Co.,* 134 AD2d 492). Mollen, P. J., Rubin, Sullivan and Rosenblatt, JJ., concur.