■ ROBERT DILLON et al., Respondents, v HOWARD DEAN, Appellant, et al., Defendants.—

In or around September 1979 Robert and Kevin Dillon entered into a contract to purchase for $170,000 a parcel of property located at 412 Route 59, West Nyack, New York, for use as a gasoline station. Upon signing the contract, they paid $10,000 of the down payment from the funds of their corporation, Dillon All Points, Inc. As the closing date approached, the Dillons found that neither they nor their corporation had the remaining $20,000 plus closing costs to satisfy their obligation under the contract of sale. The Dillons' attorney, the defendant Dean, loaned them the requisite $22,000, and the Dillons deeded him the property as security. Thereafter, Dillon All Points, Inc., entered into a lease with the defendant Dean of the subject property for $2,500 a month, which was to cover mortgage payments to the original owners, taxes, maintenance and insurance, as well as rent. The plaintiffs allege, however, that despite their regular payments, their attorney permitted the mortgage to go into default, resulting in a foreclosure action.

Of the five lawsuits arising out of this situation, the first two, brought by Robert and Kevin Dillon against their attorney Dean and other parties having an interest in the subject property sought, *inter alia,* equitable relief in the form of the imposition of a constructive trust, as well as damages for legal malpractice. The defendant Dean moved for summary judgment on the ground that the plaintiffs were not entitled to equitable relief because they had come into court with unclean hands. It was the defendant Dean's position that the plaintiffs had deeded their property to him in order to avoid taxes and to defraud present and future creditors. The court denied the motion.

The defendant Dean's motion was properly denied because questions of fact exist as to whether the plaintiffs deeded their property to him merely as security for a loan, or, as he alleges, with the immoral and unconscionable motive of defrauding their creditors. The evidence in the instant record of the plaintiffs' culpability is by no means unequivocal (*Nike, Inc. v Rubber Mfrs. Assn.,* 509 F Supp 919), and a determination as to whether the plaintiffs acted with "clean hands" must await a full presentation of the evidence, including that relative to the nature and extent of any wrongdoing on the part of the defendant Dean (*see, Dunn v Moss,* 64 AD2d 838).

In any event, it is the plaintiffs' contention that to the extent that any fraud was intended in the deeding of their property to the defendant Dean, the fraud was entirely designed, urged and implemented by him, acting in his capacity as their attorney. In general, "[a] maxim of equity will not be applied for the purpose of defeating equity" (*Furman v Krauss,* 175 Misc 1018, 1022, *affd* 262 App Div 1016), with the result that a defendant may not invoke the clean hands doctrine in order to bar judicial scrutiny of his or her own malfeasance. Moreover, a party who has instigated another party to transfer property to defraud a creditor will be estopped from invoking the equitable defense of unclean hands (*see, Falcone v Falcone,* 29 AD2d 829). It is a well-settled exception to the clean hands doctrine that one who, although at fault, is not equally at fault, will not be denied equitable relief (*see, Miseveth v Pribishuk,* 85 NYS2d 595). Where there is a confidential relationship between the parties, with one party relying upon the advice of another (*Isaacson v Isaacson,* 28 NYS2d 517), or where "one party may naturally exercise an influence over the conduct of another" (*Boyd v De La Montagnie,* 73 NY 498, 502) "[t]he parties do not stand on equal terms, and the [dominant party] cannot avail himself of the plea of *particeps criminis* on the part of the [relying party]" (*Boyd v De La Montagnie,* 73 NY 498, 503, *supra*). The attorney-client relationship is by definition a "confidential" one. The relationship is presumptively "unequal" and the attorney who counsels a client to behave illegally or fraudulently is more blameworthy than the client who follows such advice. In such a situation of unequal guilt, the plaintiffs will not be barred by the doctrine of unclean hands from seeking equitable relief.

There is no merit to the defendant Dean's contention that the Dillons are not the proper party plaintiffs, since the evidence in the record indicates, and he does not dispute, that

they signed the contract of sale for the subject property in their individual capacities, and thereafter deeded the property to him. Mollen, P. J., Brown, Kooper and Miller, JJ., concur.