■ PERGAMENT HOME CENTERS, INC., Appellant-Respondent, v NET REALTY HOLDING TRUST, Respondent-Appellant.—In an action for a judgment declaring the rights of the parties pursuant to a lease, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (McCarthy, J.), dated August 8, 1989, as denied its motion for a preliminary injunction, and the defendant Net Realty Holding Trust cross-appeals, as limited by its brief, from so much of the same order as, in effect, denied its cross motion to dismiss the action.

■ PERGAMENT HOME CENTERS, INC., Appellant-Respondent, v NET REALTY HOLDING TRUST, Respondent-Appellant.—In an action for a judgment declaring the rights of the parties pursuant to a lease, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (McCarthy, J.), dated August 15, 1989, as denied its motion for a preliminary injunction, and the defendant cross-appeals, as limited by its brief, from so much of the same order as denied its cross motion to dismiss the action.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, and the cross motion to dismiss is granted; and it is further,

Ordered that the defendant is awarded one bill of costs.

This action arose from a commercial lease executed in 1972 between the predecessor-in-interest of the defendant-landlord, Net Realty Holding Trust (hereinafter Net), and the plaintiff-

tenant, Pergament Home Centers, Inc. (hereinafter Pergament). Net became the landlord of the premises, which is located in Central Islip, in 1976. On appeal, Pergament claims that although it assigned the lease without the consent of Net in contravention of the terms of the agreement, it should not be declared in default since it could cure any breach of the lease if granted a *Yellowstone* injunction *(see, First Natl. Stores v Yellowstone Shopping Center,* 21 NY2d 630). On its cross appeal, Net argues that its motion to dismiss the action by Pergament pursuant to CPLR 3211 was improperly denied.

The court properly denied the request by Pergament for a *Yellowstone* injunction. A leaseholder seeking *Yellowstone* relief must demonstrate that it holds a commercial lease, that it has received from the landlord a notice of default, a notice to cure or a threat of termination of the lease and that it has the desire and ability to cure the alleged default by any means short of vacating the premises *(see, Suarez v El Daro Realty,* 156 AD2d 356, 358; *Linmont Realty v Vitocarl, Inc.,* 147 AD2d 618; *Heavy Cream v Kurtz,* 146 AD2d 672; *Continental Towers Garage Corp. v Contowers Assocs. Ltd. Partnership,* 141 AD2d 390). Under the circumstances at bar, Pergament neither had the ability to cure nor manifested a desire to cure. Section 14 of the lease entitled Net, upon 30 days notice, to terminate the lease *at any time* if Pergament assigned without its consent. There was no clause in Section 14 permitting Pergament to cure once it had assigned the lease. Moreover, Pergament did not manifest its desire to cure until the instant appeal.

The court should have granted the cross motion to dismiss by Net because Pergament lacked the legal capacity to sue in New York *(see,* CPLR 3211 [a] [3]). Pergament asserts for the first time on appeal that, on February 6, 1989, it "filed the proper documents with the Secretary of State of the State of New York which authorized it to do business in the State of New York". However, a foreign corporation must be authorized in this State before it may bring an action here *(see,* Business Corporation Law § 1312) and there is no proof in the record that this authorization was obtained. Thompson, J. P., Lawrence, O'Brien and Ritter, JJ., concur.