■ HERMI JEDLICKA, Respondent, v JSPOL INVESTORS CORP. et al., Appellants.—In an action to impose a constructive trust on certain real property, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Posner, J.), dated January 22, 1990, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 1982, while the plaintiff and the defendant Milan Jedlicka were married, they purchased certain real property located at 86-91 Marengo Street in Holliswood for use as the marital residence, the title of which was placed solely in the plaintiff's name. Some two years later, Milan Jedlicka allegedly convinced the plaintiff to transfer ownership of the property to the defendant JSPOL Investors Corporation (hereinafter JSPOL), which was owned by the defendants George Jedlicka and Larry Jedlicka. According to the plaintiff, Milan Jedlicka told her that the conveyance was necessary to protect the property from their creditors and that it would be reconveyed to her when he "clear[ed] up" their debts.

When the defendants refused to convey the property to the plaintiff, she brought this action seeking to impose a constructive trust on the property. The defendants' motion to dismiss the complaint upon the ground, inter alia, that they had paid full consideration for the property and that the plaintiff was barred by the doctrine of unclean hands was denied by the Supreme Court.

Since a review of the record indicates that there exists a triable issue of fact as to whether the plaintiff received any consideration for the transfer of the property, the Supreme

Court properly denied the defendants' motion for summary judgment. In addition, it has been stated that a defendant who has persuaded a plaintiff to transfer property for the purpose of defrauding creditors will be estopped from invoking the equitable defense of unclean hands (see, Dillon v Dean, 158 AD2d 579). Furthermore, where a confidential relationship exists between the parties and one party relies on the advice of the other, the clean hands doctrine will not bar judicial scrutiny of the dominant party's malfeasance (see, Dillon v Dean, supra). In the present case, there are questions of fact as to Milan Jedlicka's culpability in the transaction and the degree of control he exerted over the plaintiff and the other parties, which preclude the granting of summary judgment. Bracken, J. P., Eiber, Harwood and Balletta, JJ., concur.