■ In the Matter of JANET HENNESSEY, Respondent, v BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Appellants. [642 NYS2d 958] —In a proceeding pursuant to CPLR article 78 to compel the Board of Education of the City of New York and the Chancellor of the New York City School Districts to cease making unilateral deductions from the petitioner's wages to recoup a salary overpayment and to refund deductions already made, the appeal, as limited by the appellants' brief, is from so

much of a judgment of the Supreme Court, Kings County (Vinik, J.), dated May 2, 1995, as dismissed their counterclaim on the merits.

Ordered that the judgment is modified, by adding to the second decretal paragraph thereof, after the words "is dismissed", the words "without prejudice"; as so modified, the judgment is affirmed insofar as appealed from, with costs to the appellants.

For the period from September 1986 through March 1994, the Board of Education of the City of New York (hereinafter the Board) overpaid the petitioner for her work as a teacher. In March 1994, the Board informed the petitioner that it would recoup these overpayments by garnishing a portion of her salary. The petitioner objected to the proposed deductions from her paychecks. Subsequently, the petitioner commenced this proceeding pursuant to CPLR article 78 to prevent the Board and the Chancellor of the New York City School Districts (hereinafter collectively the appellants) from continuing to make payroll deductions to recoup the salary overpayments and to have the appellants refund the deductions already made from her salary, on the ground that under Labor Law § 193, such deductions could not be made without her consent. The appellants asserted a counterclaim for the entire amount of the overpayment less any amount already recouped. The Supreme Court granted the petition to the extent of directing that no further deductions be made from the petitioner's paychecks, and dismissed the appellants' counterclaim.

On appeal, the appellants contend that the court erred in dismissing their counterclaim on the merits, as opposed to "without prejudice". We agree. It is clear from the record that the court found that the payroll deductions were improper. However, this finding does not affect the appellants' counterclaim to recover the entire amount of overpayment in a separate proceeding. Accordingly, the judgment is modified so as to provide that the counterclaim is dismissed "without prejudice". Bracken, J. P., Miller, Joy, Hart and Krausman, JJ., concur.