Stoutenburg v Bishop (2021 NY Slip Op 50732(U))

[*1]

Stoutenburg v Bishop

2021 NY Slip Op 50732(U) [72 Misc 3d 136(A)]

Decided on July 23, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 23, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2020-478 K C

Mark W. Stoutenburg, Respondent, 
against
Jeanene Bishop (Also Known as Jeanene Mack), Appellant.

Law Office of Ethan A. Brecher, LLC (Ethan A. Brecher of counsel), for appellant.
Marc Silverman, for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Cenceria P.
Edwards, J.), entered December 13, 2019. The order denied defendant's motion to dismiss the
first and third causes of action, and to transfer the second cause of action to the Small Claims
Part of the court.

ORDERED that the order is modified by granting the branch of defendant's motion seeking
to dismiss the third cause of action; as so modified, the order is affirmed, without costs.
Plaintiff commenced this action to recover, as a first cause of action, the sum of $17,500
based on a breach of contract, in that defendant defaulted in making payments due under a
promissory note; as a second cause of action, the sum of $7,500 for unjust enrichment,
representing the amount plaintiff paid on behalf of defendant as a security deposit on defendant's
apartment lease; and, as a third cause of action, a declaratory judgment that, upon the termination
of defendant's apartment lease, the security deposit be returned to plaintiff.
Defendant moved, pre-answer, pursuant to CPLR 3211 (a) (1), (2) and (7), to dismiss
plaintiff's breach of contract and declaratory judgment causes of action. Defendant also sought to
transfer the unjust enrichment cause of action to the Small Claims Part of the court, claiming that
the true amount of the alleged security deposit was less than $5,000. In her affidavit in support of
her motion, defendant stated, among other things, that, in an August 13, 2018 email plaintiff sent
to defendant's parents, plaintiff wrote that he had "ripped up the 17k loan I made to [defendant]
in February. It is forgiven." Thus, defendant argued that she no longer owed [*2]plaintiff that money. Defendant also asserted that the Civil Court
lacks jurisdiction to issue the declaratory judgment sought in the third cause of action.
In opposition, plaintiff argued that, after he loaned defendant $17,500, the parties signed a
promissory note, which was annexed to the motion papers, and that, despite plaintiff's request for
payment pursuant to the note's acceleration clause, defendant has failed to pay any money back.
The promissory note contained a provision that there are "no verbal or other agreements which
modify or affect the terms of this Note. This Note may not be modified or amended except by
written agreement signed by Borrower and Lender." Thus, plaintiff argued that the email to
defendant's parents was not an effective modification or cancellation of the loan.
In an order entered December 13, 2019, the Civil Court (Cenceria P. Edwards, J.) denied
defendant's motion due to "issues of fact to be determined at trial."
Upon a review of the record, we find that the August 13, 2018 email from plaintiff to
defendant's parents, standing alone, did not, as a matter of law, constitute a cancellation of the
promissory note (cf. UCC 3-605 [setting forth the ways a negotiable instrument may be
cancelled]). Consequently, defendant failed to establish that the first cause of action, for breach
of contract, must be dismissed based on documentary evidence or for failure to state a cause of
action.
The Supreme Court generally has jurisdiction over declaratory judgment actions (see
CPLR 3001; Suarez v El Daro Realty, 156 AD2d 356 [1989]), and the limited declaratory
judgment jurisdiction granted to the Civil Court pursuant to CCA 212-a is inapplicable to this
case (see Green v Lakeside Manor
Home for Adults, Inc., 30 Misc 3d 16 [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2010]). Thus, the Civil Court should have dismissed plaintiff's cause of action for a
declaratory judgment based on a lack of jurisdiction to grant this relief (see CPLR 3211
[a] [2]).
Finally, we do not disturb so much of the order as denied the branch of defendant's motion
seeking to transfer the cause of action for unjust enrichment to the Small Claims Part of the
court, as the New York City Civil Court has concurrent jurisdiction with the Small Claims Part
of that court with respect to that cause of action (see NY Const, art VI, § 15; CCA
202, 207, 1801).
Accordingly, the order is modified by granting the branch of defendant's motion seeking to
dismiss the third cause of action.
WESTON, J.P., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 23, 2021