Matter of Male C (2025 NY Slip Op 25183)

[*1]

Matter of Male C

2025 NY Slip Op 25183

Decided on August 5, 2025

Civil Court Of The City Of New York, Kings County

Roper, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on August 5, 2025
Civil Court of the City of New York, Kings County

In the Matter of the Application of Male C aka PC aka AS, 
 For Leave to Change Name.

Index No. NC-001792/-24/KI

Petitioner, Pro Se

Sandra Elena Roper, J.

This Honorable Court Decides and Orders upon Application of Petitioner Male C aka PC aka AS seeking Declaratory Judgment for Name Change pursuant to the Civil Rights Law Article 6 is hereby Ordered Stayed Pending Declaratory Judgment by NYS Supreme Court or any other Court of Competent Jurisdiction authorized with requisite Powers in Equity for Declaration of the Identity of Petitioner as being Male C for all intents and purposes.
This Petition for a name change requires a Declaratory Judgment that Petitioner is Male C of the birth certificate indicating a date of birth in October 1963, which has never been legally established over his alleged 61 years of life. Petitioner allegedly claims to be Male C by birth with an undocumented name of PC which he has successfully maneuvered through his life since birth as PC based upon mere word of mouth even acquiring various governmental documents with varied dates of birth, including a Social Security Card, NYS Benefits Card and a marriage license [FN1]
. Under the current heightened strict scrutiny of documentation of identifications of persons and challenges as to birth right citizenship and the like, Petitioner is at risk of challenge as to his true legal identity and legal standing as a legitimate citizen with the name PC born in [*2]the USA as Male on a date certain. Petitioner states that he was born at home in a Brooklyn apartment "which doesn't exist anymore" in October of 1963. However, his alleged Birth Certificate filed with the Department of Vital Records 4 days after the birth stated a name as Male C, which as of February 19, 2025, had not been amended to PC by his parents. Further, Petitioner has been convicted of crimes using the alias of AS of which the records indicate three different dates of birth spanning 1963 to 1964. Petition was previously brought before the court on June 11, 2025 and March 21,2025 denying same for leave to renew with presentation of photo id with consistent date of birth as reflected upon the alleged Male C birth certificate. The presentation of a NYS Snaps Benefit Card with photo but inconsistent date of birth of November of 1965 was rejected as not compliant. In this instant attempt, Petitioner presents with an IDNYC [FN2]
card with photo and consistent date of birth as indicated on the alleged birth certificate. However, IDNYC is legislatively too limited in its scope and breadth for its intended purposes to here be accepted by the Civil Court as the sole identification document given the many inconsistencies attendant herein. The gravamen of this matter is there must be court ordered declaratory judgment that Male C is PC, which is beyond the jurisdiction of the Civil Court and not merely a name change, which is within its jurisdiction. There is no legal declaration establishing that Male C and PC are one in the same. Petitioner herein is in an unfortunate legal quagmire rendering him truly to a status of a quasi-non-entity, known colloquially as PC or AS but not legally connected to the Male C of his alleged birth certificate. A Petition for a name change in Civil Court begins with an unequivocal iron-clad determination that Petitioner is who Petitioner claims to be at its commencement with corroborating proof.
A change of name is one of the very limited matters in which the Civil Court may sit as a court of equity pursuant to the Civil Rights Law Article 6. In sitting as a court of equity in such ex-parte petition for declaratory judgment "the court may grant any type of relief within its jurisdiction appropriate to the proof whether or not demanded, imposing such terms as may be just" (Piccirilli v Benjamin, 226 AD3d 1233, 1238 [3d Dept 2024]), citing State v Barone, 74 NY2d 332 [1989]), quoting CPLR 3017 [a]). Thus, Civil Court within its limited powers in Equity may then proceed with a clearly identified Petitioner to change his name. This Petitioner cannot do so. This Petitioner is unable to identify himself because his identity was never legally established. A social security card, nor a NYS Benefits card and now a very limited IDCNY card, with inconsistent dates of birth, and no first name attached to the alleged birth certificate and criminal alias with differing dates of birth cannot establish the legal identity of this Petitioner. There must be an initial determination by legal declaration, if you will, that this Petitioner is who he says he is to proceed with the prayer of relief for a name change. This declaration exceeds and is beyond the very limited powers in Equity of this Civil Court's [*3]jurisdiction. A court of competent jurisdiction with the unrestricted uncircumscribed limitless powers in Equity must adjudge such a declaratory judgment.
"The Supreme Court generally has jurisdiction over declaratory judgment actions, and the limited declaratory judgment jurisdiction granted to the Civil Court pursuant to CCA 212-a is inapplicable to this case. Thus, the Civil Court should have dismissed plaintiff's cause of action for a declaratory judgment based on a lack of jurisdiction to grant this relief"
(Stoutenburg v Bishop, 72 Misc 3d 136[A], *3-4, 2021 NY Slip Op 50732[U] [App Term 2021], citing CPLR 3001; Suarez v El Daro Realty, 156 AD2d 356, 548 N.Y.S.2d 313 [1989]; Green v Lakeside Manor Home for Adults, Inc., 30 Misc 3d 16, 914 N.Y.S.2d 855 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]; CPLR 3211 [a] [2]). In Stoutenberg, the plaintiff sought declaratory relief, based on the defendants' failure to provide proper services, breach of contract, and denial of due process, among other causes of action. Further, Aliksanyan held and affirmed that the Civil Court correctly concluded that it lacked jurisdiction either to grant the declaratory relief plaintiff sought to declare that Verizon and the PSC failed to provide proper services, or to remove the action to the Supreme Court (Aliksanyan v Verizon, 72 Misc 3d 131[A], *2-3, 2021 NY Slip Op 50640[U] [App Term 2021]).
Presented herein is not merely a name change but a Petition for a Declaration of a person's legal identity not previously legally declared by his parents in their failure to have legally provided him with a name but merely the Gender Male and a surname. Petitioner fails to provide competent dispositive corroborating evidence to establish that he is Male C who at some specific time certain was eventually given the legal name of PC. Mere colloquial use of the name PC is insufficient as a matter of law to do so. Such a declaratory judgment is beyond the jurisdiction in equity of the Civil Court of New York, which is statutorily a court of very limited powers in equity.
For the foregoing reasons, This Court Stays this proceeding pursuant to the Civil Rights Law Article 6 for a name change pending a Declaratory Judgment by a Court of Competent Jurisdiction in Equity that Petitioner herein is the person so indicated as Male C in the Birth Certificate with a birthdate as stated in the Month of October in the day so stated and the Year of 1963.
This constitutes the Opinion, Interim Order and Decision of This Honorable Court.
Dated: August 5, 2025
Brooklyn, New York
SANDRA ELENA ROPER
Judge of the Civil Court

Footnotes

Footnote 1:Petitioner's reason for name change is stated as being interested in marrying, although previously married and divorced October, 2022.

Footnote 2:IDNYC History: On July 10, 2014, Mayor de Blasio signed into law, Administrative Code § 3-115, which established the IDNYC program. The IDNYC program allows any city resident over the age of 14 years old to apply for a city resident identification card, regardless of immigration status. The card was intended to allow cardholders to access city services and use the card for identification purposes, such as opening a bank account. It was not intended to be used to board a plane, cross a border or rent a car (Matter of Castorina v De Blasio, 56 Misc 3d 413, 417 [Sup Ct, Richmond County 2017]).