| |
|---|
| **Dechert LLP v Fay** |
| 2025 NY Slip Op 32898(U) |
| August 20, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 150935/2025 |
| Judge: Gerald Lebovits |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**      <u>**HON. GERALD LEBOVITS**</u>      **PART**      **07**

*Justice*

-----------------------------------------------------------------------------X

DECHERT LLP,

         Plaintiff,

     - v -

KATHLEEN FAY,

         Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 150935/2025 |
| **MOTION DATE** | N/A |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 10, 11, 12, 13, 14, 15, 17, 18

were read on this motion for          <u>DISMISSAL</u> .

In this action by plaintiff, Dechert LLP, to recover allegedly mistaken payments made to defendant, Kathleen Fay, defendant moves under CPLR 3211 (a) (1) and (a) (7) to dismiss the complaint.

## BACKGROUND

Defendant was a senior project attorney working for plaintiff as an at-will employee. (NYSCEF Nos. 2, 1 at ¶ 2.) In June 2023, plaintiff allegedly informed defendant that her services were no longer needed and that she would receive three months' pay, to terminate at the end of September—at which point defendant's salary and benefits would cease. (NYSCEF No. 1 at ¶¶ 5-7.) In September 2023, defendant allegedly had not yet found a new job, and plaintiff allowed defendant to sign a month-long agreement to become a temporary attorney and be paid hourly for any billable work assigned to her. (NYSCEF Nos. 3, 1 at ¶¶ 8-9.) Plaintiff alleges that this agreement was renewed repeatedly through the end of May 2024, and that throughout the period the agreement was in effect, defendant was not assigned, and performed no billable work, for plaintiff. (NYSCEF No. 1 at ¶¶ 10-11.) Defendant maintains that she continued to perform work on salary for plaintiff through May 2024. (NYSCEF No. 13 at ¶ 7.)

Plaintiff alleges that from October 1, 2023, to May 15, 2024, it continued to send, and defendant received, her former salary in the amount of $132,250.00 due to an "administrative error." (NYSCEF No. 1 at ¶ 12.) Plaintiff states that after unsuccessful demands to defendant to repay the money, it exercised "self-help" to "recover some of the overpayments." (*Id.* at ¶¶ 16, 49.) Defendant alleges that these attempts amount to "theft of $42,000 in vested 401(k) funds" from defendant's retirement account and her accrued and unused vacation time. (NYSCEF No. 12 at 1.) Plaintiff maintains that defendant still possesses $90,520.00 in "erroneous payments."

[* 1]

(NYSCEF No. 1 at ¶ 45.) Plaintiff initiated this action on claims of money had and received, conversion, and unjust enrichment.

**DISCUSSION**

Defendant now moves to dismiss all three of plaintiff's causes of action under CPLR 3211 (a) (1) (that documentary evidence establishes a defense) and (a) (7) (that plaintiff fails to state a cause of action). In deciding a motion to dismiss, a court must "accept the facts as alleged in the complaint as true [and] accord [the plaintiff] the benefit of every possible favorable inference." (*Goldman v Metro. Life Ins. Co.*, 5 NY3d 561, 570 [2005] [internal quotations and citations omitted].) The motion can succeed only if "the facts as alleged [do not] fit within any cognizable legal theory." (*Id*. at 570-571.)

## I.     New York Labor Law § 193

Defendant argues that all causes of action should be dismissed under CPLR 3211 (a) (7). Defendant states that plaintiff has not complied with New York Labor Law § 193's procedures to recover overpayments in its attempts to recoup the money given to defendant. Defendant contends that this noncompliance is "fatal to the entire complaint." (NYSCEF No. 12 at 8.) Defendant asserts that if plaintiff is permitted to proceed with its claims, plaintiff would make an "end-run around the requirements of the NYLL" and "compel [in a court action] the return of payments where the NYLL expressly provides a procedure for potential recovery." (NYSCEF No. 12 at 14.) Defendant argues that plaintiff, therefore, has no possessory right to the funds at issue, and that equity and good conscience do not require their return. (NYSCEF No. 12 at 7.) Defendant's position is unpersuasive.

Labor Law § 193 (1) (c) provides that when making a "recovery of an overpayment of wages," an employer may make a "deduction from the wages of an employee" only if the overpayment was due to a "mathematical or other clerical error" and the employer complies with the process and regulations promulgated in 12 NYCRR 195-5.1. Plaintiff contends that the money it sent to defendant is not "wages" within the meaning of § 193 and that even if it was, the instant action is not a "deduction" under the statute. (NYSCEF No. 17 at 12.) Defendant correctly argues that § 193's implementing regulations allow for recovery not only through wage deductions, but also through a "separate transaction," provided that the transaction complies with certain regulations. (NYSCEF No. 18 at 6, quoting 12 NYCRR 195-5.1 [c].) But defendant does not support the proposition that an employer can seek recovery *only* through the process set out in § 193, or that a court proceeding constitutes a "separate transaction" under 12 NYCRR 195-5.1.

Labor Law § 193 governs how an employer may go about making wage deductions directly from an employee. It does not prohibit an employer from seeking a judicial award in litigation of alleged overpayments, or govern such a proceeding at all. (*See Matter of Hennessey v Bd. of Educ. of City of New York*, 227 AD2d 559, 560 [2d Dept 1996] [holding that an

2

[* 2]

employer's wage deductions in violation of § 193 did not affect the employer's counterclaim to recover the amount of the overpayments in a separate proceeding].)

Moreover, the regulations in 12 NYCRR 195-5.1 specifically provide that they shall not be construed "as abridging the rights of the employer or employee to seek redress *in any other forum. . . .*" (*Id.* at [*i*] [emphasis added].) This court need not reach whether plaintiff's payments were wages within the meaning of Labor Law § 193. The statute is inapplicable to this action.

Defendant also contends that plaintiff's alleged noncompliance with § 193 requires dismissal of the claims under CPLR 3211 (a) (1). This contention is without merit. A motion to dismiss under CPLR 3211 (a) (1) can succeed only if the movant provides documentary evidence that "utterly refutes [the opponent's] factual allegations, conclusively establishing a defense as a matter of law." (*Goshen v Mut. Life Ins. Co. of New York*, 98 NY2d 314, 326 [2002] [internal citation omitted].)

Defendant submits an email from plaintiff's general counsel, Benjamin Rosenberg, Esq., to defendant. (NYSCEF No. 14.) In the email, Rosenberg informs defendant that plaintiff "has instructed Fidelity to reverse the contributions made in 2024 to [her] 401(k) account in error" that were "a mistake of fact"; that plaintiff "will not release any pay for accrued, unused, vacation time"; and that plaintiff is considering its "further options with respect to the large amount of money that [it] paid [defendant] by accident and that [she has] refused to return." (*Id.* at 6.) Defendant argues this email "conclusively establishes" that plaintiff failed to follow the Labor Law. (NYSCEF No. 12 at 6.)

Even assuming that defendant's interpretation of § 193 is correct, plaintiff does not address in the email whether the "further options" it was considering were through the means set out in § 193 or otherwise. Thus, the email does not "conclusively establish" that plaintiff "violated" the Labor Law. And as discussed above, relief through this action is not controlled by § 193's procedures in any case.

This court denies the branch of defendant's motion asserting that the complaint must be dismissed because plaintiff's attempt to recover through this action fails to comply with § 193.

## II.     Unclean Hands

Defendant additionally argues that plaintiff's reversals of payments to defendant's 401(k) account violated the Labor Law and the federal Employee Retirement Income Security Act ("ERISA"). Defendant contends that plaintiff's claims to recover the remaining funds should fail, as plaintiff approaches this action with unclean hands. (NYSCEF No. 12 at 13.) The doctrine of unclean hands provides that, generally, a party may not seek equitable relief when that party has behaved immorally or unconscionably regarding the matter at hand.

3

Defendant moves to dismiss under CPLR 3211 (a) (1) and (a) (7). Defendant asserts that plaintiff's allegedly unlawful conduct with regard to the 401(k) reversals means that plaintiff has not stated its causes of action for the same equitable reasons that defendant advanced above, and that the email sent by Rosenberg conclusively establishes that plaintiff's reversals of payment violated ERISA and the Labor Law. (NYSCEF Nos. 12 at 12-13, 18 at 2.) Plaintiff disputes that it violated any laws, and additionally argues that the Labor Law and ERISA do not apply here for several reasons. (NYSCEF No. 17 at 15-17.) Defendant's argument is not persuasive.

In *Matter of Hennessey*, the Second Department held that an employer's counterclaim to recover the amount of overpayments "less any amount already [impermissibly] recouped" was improperly dismissed by the Supreme Court and that the employer could attempt to "recover the entire amount . . . in a separate proceeding." (227 AD2d at 560.) The employer's right to recover through a suit was upheld notwithstanding any wage deductions that violated Labor Law § 193. It is unlikely, therefore, that defendant's argument would succeed even if this court were to conclude that plaintiff's reversals had violated the Labor Law or ERISA. In any event, it would be premature for this court to reach that conclusion in this posture and on this record.

The doctrine of unclean hands requires a court to see the evidence and weigh the relative culpability of all the parties involved. (*See Dunn v Moss*, 64 AD2d 838, 838 [4th Dept 1978].) For the doctrine to succeed on a motion to dismiss, the evidence of a party's misconduct must be "unequivocal" on the face of the pleading. When questions of fact exist, a court must await a full presentation of the evidence to apply "unclean hands." (*Dillon v Dean*, 158 AD2d 579, 580 [2d Dept 1990]; *accord Omar v Moore*, 171 AD3d 1533, 1534 [4th Dept 2019].)

Here, plaintiff alleges that under the terms of the hourly employment agreement, defendant was not entitled to any salary or benefits, and that the contributions were not salary payments but rather a "mistake of fact" as exempted by ERISA. (NYSCEF Nos. 17 at 17, 1 at ¶¶ 27, 33-39; *see also* NYSCEF Nos. 3, 14 at 6.) On her pre-answer motion to dismiss, defendant does not conclusively refute these allegations or establish unequivocally that plaintiff's reversal of the payments was unlawful. Further, whether defendant performed any work in the relevant period, and whether she was paid hourly or on salary, remain significant factual disputes. (*Compare* NYSCEF No. 1 at ¶¶ 39, 33, *with* NYSCEF No. 13 at ¶ 7.) Given this conclusion, this court need not reach plaintiff's other arguments about the applicability of ERISA and the Labor Law to the reversals and funds in question.

Defendant does not establish unequivocally on the face of the pleadings that plaintiff has unclean hands. This court denies the branch of defendant's motion asserting that the complaint should be dismissed under the doctrine of unclean hands.

Accordingly, it is

4

ORDERED that defendant's motion to dismiss is denied in its entirety.

_____
**8/20/2025**
**DATE**

HON. GERALD LEBOVITS
J.S.C.

**CHECK ONE:** ☐ CASE DISPOSED ☒ NON-FINAL DISPOSITION

☐ GRANTED ☒ DENIED ☐ GRANTED IN PART ☐ OTHER

**APPLICATION:** ☐ SETTLE ORDER ☐ SUBMIT ORDER

**CHECK IF APPROPRIATE:** ☐ INCLUDES TRANSFER/REASSIGN ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE

[* 5]